# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES GALEN HANNA, | : | Case No. 3:19-cv-231 |
| | : | |
| Petitioner, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | Magistrate Judge Michael R. Merz |
| | : | |
| TIM SHOOP, Warden, | : | |
|   Chillicothe Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

**ENTRY AND ORDER OVERRULING PETITIONER'S OBJECTIONS TO, AND APPEAL FROM, THE MAGISTRATE JUDGE'S TRANSFER ORDER (DOC. 18); ADOPTING THE TRANSFER ORDER (DOC. 17) THAT GRANTED WARDEN'S MOTION TO TRANSFER (DOC. 11); AND, ORDERING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS* (DOC. 1) AND THIS CASE TO BE TRANSFERRED TO THE SIXTH CIRCUIT COURT OF APPEALS FOR A DETERMINATION OF WHETHER PETITIONER MAY PROCEED WITH HIS CLAIMS**

This capital habeas corpus case is before the Court on Magistrate Judge Michael R. Merz's September 6, 2019 "Transfer Order" (Doc. 17), "Petitioner James Hanna's Objections to, and Appeal from, the Magistrate Judge's Transfer Order" (Doc. 18), and the "Warden's Opposition to Hanna's Doc 18 Appeal" (Doc. 19).

Petitioner James Hanna ("Hanna") is scheduled to be executed on December 11, 2019.[1] Because of the imminence of that date, the Court decides the current appeal in a more summary fashion than it otherwise would.

On August 5, 2019, Hanna filed a writ of habeas corpus. (Doc. 1.) Following Magistrate Judge Merz's "Order to Respond" (Doc. 7), Respondent Tim Shoop, Warden ("Respondent") filed

---

[1] Execution Schedule posted at https://drc.ohio.gov/execution-scheduled, last visited September 12, 2019.

"Warden's Motion to Transfer" (Doc. 11) on August 14, 2019, asking that this Court transfer the habeas petition to the Sixth Circuit Court of Appeals for consideration as an application for successive petition under 28 U.S.C. § 2244(b).[2] Hanna filed a Response in opposition to Respondent's motion to transfer (Doc. 15), and Respondent filed a Reply in support of his motion to transfer (Doc. 16).

The Order appealed from (Doc. 17) is an order transferring this case to the United States Court of Appeals for the Sixth Circuit as a second-or-successive habeas application which cannot proceed in this Court without permission of the circuit court under 28 U.S.C. § 2244(b). Regardless of whether the Transfer Order is dispositive, Hanna's objections involve questions of law that are subject to *de novo* review. *See Henness v. Jenkins*, No. 2:14-cv-2580, 2018 U.S. Dist. LEXIS 33181, at *7 (S.D. Ohio Feb. 27, 2018) (and citations therein); *Campbell v. Jenkins*, No. 2:15-cv-1702, 2017 U.S. Dist. LEXIS 130803, at *9 (S.D. Ohio Aug. 16, 2017) ("[g]iven that the question of whether a second-in-time petition is 'second or successive' involves a pure question of law, [a transfer order] is subject to *de novo* review regardless of whether it is considered a dispositive order"). This Court has made a *de novo* review of the record in this case, taking into consideration Hanna's objections to the Transfer Order.

There is no dispute that this is Hanna's second-in-time habeas petition (Doc. 18 at PAGEID # 729), and it is well-established that District Courts have no jurisdiction to consider such petitions if they are also second-or-successive. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016). There is also no dispute that a district court, presented with a second-in-time habeas petition, must make the initial determination of whether the petition is second-or-

---

[2] Hanna challenged his conviction and capital sentence in a first-in-time habeas application, *Hanna v. Ishee*, Case No. 1:03-cv-801, 2009 WL 485487 (S.D. Ohio Feb. 26, 2009) (Rose, J.), denial of habeas corpus relief affirmed, 694 F.3d 596 (6th Cir. 2012), *cert denied*, 571 U.S. 844, 134 S. Ct. 101 (Mem.) (2013).

successive within the meaning of 28 U.S.C. § 2244(b). *In re Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, No. 12-3399, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).

Hanna argued that the Petition in this case was not second-or-successive because he could not have raised the four ineffective assistance of trial counsel claims he now makes during his first habeas case; he says he was precluded by the conflicts of interest under which his first habeas counsel labored. Therefore, he claimed, his new Petition is not an "abuse of the writ" as that term of art was developed prior to adoption of the AEDPA (Antiterrorism and Effective Death Penalty Act) and thereby escapes the second-or-successive bar of § 2244(b) (Doc. 1 at PAGEID # 4, 44-51 n.8). The Magistrate Judge rejected this logic, finding that the "abuse of writ" doctrine did not overcome or replace the statutory language of AEDPA (Doc. 17 at PAGEID # 725).

Hanna appeals, relying on *In re Wogenstahl,* 902 F.3d 621, 627 (6th Cir. 2018); *In re Bowen,* 436 F.3d 699 (6th Cir. 2006); and, *In re Suber*, No. 18-3457, 2018 WL 4517057, at*1 (6th Cir. Sep. 4, 2018). (Doc. 18 at PAGEID # 731-32.) The Magistrate Judge discussed and distinguished *Bowen* in the Transfer Order (Doc. 17 at PAGEID # 724-25), and the Court agrees with the distinction. Hanna did not cite *Suber* or *Wogenstahl* in opposing the Motion to Transfer, so the Magistrate Judge did not have an opportunity to comment on them.

*Suber* is a case arising under 28 U.S.C. § 2255, not § 2254. The opinion uses the same language as *Bowen*: "federal habeas courts apply the abuse of the writ doctrine to determine whether a petition is second or successive," 2018 WL 4517057, at *1, *citing In re Campbell*, 874 F.3d 454, 460, *cert. denied*, 138 S.Ct. 466 (2017), but found that Suber's motion (presented *pro se*) would be both second or successive and an abuse of the writ. *Id*. In other words, *Suber* is not inconsistent with the Magistrate Judge's reading of *Bowen*: a petition which is an abuse of the

3

writ is, by virtue of that finding, also second or successive. *Suber* does not hold, as Hanna would have it, that every writ that is not abusive is also not second or successive.

In *Wogenstahl*, the Sixth Circuit quoted the language from *Bowen* about applying the abuse of the writ doctrine in deciding second or successive questions. 902 F.3d at 627. However, the Sixth Circuit upheld this Court's determination that Wogenstahl's second-in-time petition was second or successive even though it would have qualified as not abusive under the pre-AEDPA abuse of the writ doctrine enunciated in *McCleskey v. Zant*, 499 U.S. 467 (1991). *Id*. at 627-28.

Hanna has cited no case in which the Sixth Circuit (or any other circuit court of appeals) has held that a petition which satisfies the abuse of the writ doctrine thereby qualifies as a "first" petition. The Magistrate Judge's holding to the contrary is not contrary to law.

Hanna also objects to the relevance of the Magistrate Judge's determination that Hanna had conflict-free counsel for five years before he filed the instant Petition (Doc. 18 at PAGEID # 733-35, *citing* Doc. 17 at PAGEID # 727). The Court agrees that this finding is not determinative on the second-or-successive issue, whatever relevance it may have to the statute of limitations issue if the Sixth Circuit remands the case.

Finally, Hanna objects to the Magistrate Judge's "implicit rejection of his constitutional and statutory arguments." (Doc. 18 at PAGEID # 735.) Hanna's argument on that point in his Response to the Motion to Transfer is limited to the following footnote:

> In his petition, Hanna has further noted that were this Court **[NOT]** to consider Hanna's petition as a first-in-time petition, Hanna would suffer the violation of his constitutional rights: It would violate due process, equal protection, and suspend the writ of habeas corpus. See Petition at 48 n. 8, ECF No. 1, PageID 51. Those issues would be mooted upon this Court concluding that the petition does not constitute an abuse of the writ and is not a 'second or successive' habeas petition. Nevertheless, he reasserts those constitutional arguments here.

4

(Doc. 15 at PAGEID # 709 n.1.)

Hanna took so little care with this argument as presented in his Response that the word "not" has to be inserted to make sense of the footnote as an argument against transfer. Hanna cites no supporting case authority at all, either in the Response or in the Petition (Doc. 1 at PAGEID # 51, n.8). Nor has he cited any case authority in his Appeal. The Magistrate Judge's implicit rejection of these cursory claims is not contrary to law.

Finally, Hanna makes no reference to the Magistrate Judge's analysis of the risks to judicial economy of adjudicating a capital habeas case, perhaps for years, and then having the judgment overturned for lack of jurisdiction. (Doc. 17 at PAGEID # 723-24.)

Upon the Court's *de novo* review, the Court finds that Petitioner's objections (Doc. 18) to the Magistrate Judge's Transfer Order (Doc. 17) are not well-taken and are hereby **OVERRULED**. The Clerk is **ORDERED** to carry into effect the Transfer Order (Doc. 17).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 13, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE